

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN SILAS THOMAS, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:14-CV-0065 |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging respondent's calculation of time credits toward his sentence.[1] For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On February 20, 1981, petitioner was convicted in Dallas County, Texas, of the offense of aggravated robbery, such offense alleged to have been committed on October 28, 1980, and was sentenced to sixty (60) years confinement in the Texas Department of Criminal Justice, Correctional

---

[1] Petitioner has filed another petition under 28 U.S.C. § 2254 challenging his 1981 conviction for aggravated robbery and the 60-year sentence assessed as a result. *See Thomas v. Davis*, No. 2:14-CV-27. Petitioner has also filed a petition under 28 U.S.C. § 2241 challenging how his sentence is being "administered" or "imposed." *See Thomas v. Davis*, No. 2:14-CV-25.

Institutions Division (TDCJ-CID). *State v. Thomas*, Cause No. F80-15637-IN. After crediting petitioner's sentence with pre-sentence jail time, TDCJ calculated petitioner's sentence begin date as November 19, 1980.

According to petitioner, he was granted release to parole from this 60-year sentence on or about December 27, 2000, after serving approximately twenty (20) years and 1 month of his 60-year sentence. On August 10, 2006, petitioner was arrested in Dallas County, Texas for a theft offense and, on November 17, 2006, while on parole, was convicted of the theft offense in Dallas County and sentenced to one (1) year. *See State v. Thomas*, No. F-06-69177.[2] Petitioner states his parole from his 60-year sentence was revoked and, on or about January 31, 2007, he was returned to prison after having been on parole for approximately six (6) years.

Petitioner advises he was again granted release to parole on or about May 21, 2008, after serving approximately 21 years and 5 months of his 60-year sentence. In August 2010 and May 2012, petitioner was convicted of theft offenses and assessed sentences of less than one year which he subsequently discharged. *State v. Thomas*, No. F-1072136-M (Dallas Co.), and No. 1278149D (Tarrant Co.). Instead of being sent to TDCJ to serve those sentences, petitioner began serving these sentences in a state jail facility and was apparently assigned a new prisoner identification number. Petitioner's parole from his 60-year aggravated robbery sentence does not appear to have been revoked as a result of these new state jail felony convictions.

On June 20, 2013, petitioner committed the offense of and was arrested for burglary of a building and, on July 19, 2013, while still on parole, was convicted in Dallas County, Texas, of the state jail felony of burglary of a building and sentenced to "7 months state jail division, TDCJ." *See*

---

[2]Petitioner filed a state habeas action challenging his conviction in No. 06-69177, which was denied August 15, 2007 without written order on the trial court findings without a hearing.

*State v. Thomas*, No. F-13-57073. The state court judgment further provided, "This sentence shall run concurrently." No other sentence, however, was identified as the sentence with which the burglary of a building sentence was to run concurrently. After crediting his sentence with pre-judgment confinement time, petitioner's begin date on this 7-month sentence was June 20, 2013.

On August 27, 2013, a parole revocation hearing was held on whether petitioner's parole from his 60-year aggravated robbery sentence in Cause No. F80-15637 should be revoked. On September 13, 2013, while serving this 2013 state jail offense sentence, petitioner's parole was revoked, after having been on release for approximately five (5) years and three (3) months. According to petitioner, his parole was revoked <u>solely</u> as a result of his new burglary of a building conviction in Cause No. F-13-57073.[3] It appears petitioner was granted early release from his 7-month state jail sentence on December 4, 2013 after serving 168 days of his sentence, but was not physically released from the state jail facility, possibly because of a parole revocation hold. On January 9, 2014, it appears petitioner was returned to prison on his original 60-year sentence. On January 15, 2014, it appears petitioner's 210-day sentence discharged.

On January 17, 2014, petitioner requested, through TDCJ-CID's internal time credit dispute resolution process, a correction of time credited toward the completion of his 60-year sentence. *See* Tex. Govt Code Ann. § 501.0081. Petitioner appears to have requested (1) flat time credit for the period of time he spent on parole, and (2) flat time credit for time he served in a state jail facility on his 7-month sentence. It appears petitioner was denied review of his claim for time credits on February 12, 2014 because he had filed a prior time credit dispute and was only allowed one time

---

[3] A June 25, 2013 Adjustment Statement, however, indicated petitioner had missed an MHMR appointment, had submitted a urinalysis which tested positive for drugs, and missed a scheduled home visit. The statement also indicated petitioner would not be eligible for ISF because of the charges pending against him.

credit dispute resolution per year. Petitioner has not provided the Court with copies of any previous time credit dispute claims he filed, nor has he challenged TDCJ's ruling.

On March 19, 2014, petitioner placed the instant application for federal habeas corpus relief in the mail. Such application was received and filed of record on March 24, 2014.

In October 2014, petitioner filed a state habeas corpus application identifying the burglary of a building state jail felony conviction as the trial court case number being challenged. On November 26, 2014, petitioner's state habeas application was dismissed with the notation that the sentence being challenged (the 7-month sentence) had been discharged. *In re Thomas*, No. WR-11,635-07. Petitioner then filed another application for a state writ of habeas corpus, this time challenging the execution of his 60-year sentence in his aggravated robbery case. On February 11, 2015, this application was dismissed without written order citing Texas Government Code § 501.008(b)-(c) for failure to use the prison time dispute resolution process of the Inmate Grievance System. *In re Thomas*, No. WR-11,635-08.

## II.
## PETITIONER'S ALLEGATIONS

In his habeas application, petitioner has checked the box indicating he is challenging "other" and written in "Credit for Street time." As his ground, petitioner states, "Violation of 'ex post facto clause,' due process and equal protection of the law." As supporting facts, petitioner references flat time served and street time, and argues he is entitled to his street time on parole and has wrongly been denied a mandatory release date. As the relief sought in this petition, petitioner requests an Order from this Court to TDCJ to (1) make "necessary corrections" of time calculation errors; and (2) to re-calculate petitioner's mandatory release date in order that he be released promptly.

Petitioner's claim for credit for time spent out of prison on parole is without merit. In this federal habeas application petitioner appears to allege he is being unconstitutionally denied flat or calendar time served while on parole or mandatory supervised release ("street time") due to an *ex post facto* application of "House Bill 1649 *Credit for Street Time.*" Petitioner contends application of this statute has increased his punishment by affecting his mandatory supervised release date. In subsequent pleadings, petitioner appears to additionally argue respondent's assigning petitioner a new identification number while serving his sentences for state jail felony convictions in a state jail facility amounted to a violation of the prohibition against *ex post facto* laws and increased his punishment for his 1981 conviction.

## III.
## STREET TIME

A state prisoner does not have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. *See Board of Pardons v. Allen,* 482 U.S. 369, 378 n. 10, 107 S.Ct. 2415, 2421 n. 10, 96 L.Ed.2d 303 (1987); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied,* 116 S.Ct. 736 (1996). If granted early release, a Texas parole or mandatory supervision violator has no constitutional right, as a matter of federal due process, to credit for time spent on parole or mandatory supervision. *See Hallmark v. Johnson,* 118 F.3d 1073, 1079-80 (5 Cir.1997); *Newby v. Johnson,* 81 F.3d 567, 569 (5 Cir.1996); *Hamill v. Wright,* 870 F.2d 1032, 1036-37 (5 Cir.1989); *Starnes v. Cornett,* 464 F.2d 524, 524 (5 Cir.1972). Consequently, petitioner has no state or corresponding federal *constitutional* right to street time credit. *See Thompson v. Cockrell,* 263 F.3d 423, 426 (5 Cir.2001); *Morrison v. Johnson,* 106 F.3d 127, 129 (5 Cir.1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate

the Constitution).

Further, prior to September 1, 2001, there was no *statutory* right to street time credit under Texas law, and time spent on parole or mandatory supervision was not credited against a sentence if the conditional release was revoked. After September 1, 2001, Texas law was changed to allow specific offenders whose parole or mandatory supervision was revoked to receive credit for the portion of time they spent on parole or mandatory supervision under certain circumstances. *See Ex parte Spann*, 132 S.W.3d 390, 392 (Tex.Crim.App. 2004). Effective September 1, 2001, section 508.283 of the Texas Government Code provided, in relevant part:

> (c) If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served **without credit** <u>for the time from the date of the person's release to the date of revocation</u>. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served **without credit** <u>for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation</u>.

Tex. Gov't Code Ann § 508.283(c) (Vernon 2001) (emphasis added). Persons described by Section 508.149(a), like petitioner, were specifically excluded from receiving credit for the portion of time they spent on parole or mandatory supervision not only by subsection (c) but also by subsection (b):

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code Ann § 508.283(b) (Vernon 2001). When petitioner's parole or mandatory

supervision was revoked on or about January 31, 2007 and September 13, 2013, persons described by section 508.149(a) included, *inter alia*, inmates serving a sentence for or who were previously convicted of aggravated robbery.[4] Tex. Gov't Code Ann. § 508.149(a)(12) (Vernon 2007 and 2013).

Since petitioner's revocations occurred after the September 1, 2001 effective date of the statute, the above provisions apply to petitioner and, his conviction for aggravated robbery disqualifies him from meeting the first requirement entitling him to time credit under Section 508.283(c). Since petitioner does not qualify for relief under section 508.283(c), petitioner is not, nor has he ever been, entitled to flat time credit for the period of time he spent on parole or mandatory supervised release from on or about December 27, 2000 to January 31, 2007, or on or about May 21, 2008 to September 13, 2013. Petitioner is not entitled to federal habeas corpus relief on this claim.

Further, petitioner's *ex post facto* argument is misplaced. While it is true that petitioner's offenses occurred in 1980 and the statute governing eligibility for street credit was not effective until 2001, application of the 2001 law to petitioner was not a violation of the constitutional prohibition on *ex post facto* laws because the law did not increase his punishment. In order to violate the *ex post facto* prohibition, the application of the subsequent law must retroactively increase petitioner's initial punishment. *See Lynce v. Mathis*, 519 U.S. 433, 440-41 (1997). Texas law in effect in 1980 when petitioner committed his offense and in 1981 when petitioner was

---

[4] The version of section 508.283(c) in effect when petitioner's parole or mandatory supervision was revoked on August 25, 2006 incorporated section 508.149(a) by reference, thereby invoking the version of section 508.149(a) in effect when petitioner's parole or mandatory supervision was revoked. *See Ex parte Noyola*, 215 S.W.3d 862, 867 (Tex.Crim.App. 2007); *see also Ex parte Foster*, 2007 WL 1347832 (Tex.Crim.App. May 9, 2007).

convicted and sentenced did not allow credit for street time to anyone, to wit:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, *such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.*

Tex. Crim. Proc. art. 42.18, § 15 (Vernon 1980). Since petitioner was not eligible for street time credit when convicted, the 2001 statute did <u>not</u> increase petitioner's punishment at all. Petitioner was not eligible for street time credit when he was convicted or when he was first paroled, and he is not eligible now. The change in Texas law merely allowed persons who had not been convicted of the enumerated offenses to obtain credit for street time. Petitioner's non-eligibility for street time credits never changed. There has been no *ex post facto* application of any statutes in this case and petitioner's claim should be denied.[5]

## IV.
## NEW IDENTIFICATION NUMBER

To the extent petitioner contends the assignment of a new identification number when he was admitted to the state jail facilities for service of his state jail felony sentences resulted in his being denied flat time toward his sentence or sentences, petitioner is not entitled to relief. First, he has failed to demonstrate he was entitled to his previous prison identification number when incarcerated in state jail facilities. Second, he has failed to show how the "new" identification number caused any error in his sentence time calculations. Petitioner's claim should be denied.

To the extent, if any, petitioner claims his being assigned a new identification number for serving his state jail sentences in state jail facilities was a modification of his original 60-yr sentence,

---

[5] Petitioner contends he is entitled to credit for street time under article 42.03 § 4 of the "Criminal Code of Appeals." If petitioner is in fact referencing that article and section of the Texas Code of Criminal Procedure, such statute relates to a criminal defendant's credit for time spent in county jails pending direct appeals of his conviction. Such provision is not applicable here.

this claim is addressed in *Thomas v. Davis*, No. 2:14-CV-0027. Specifically, any such claim is frivolous, fails to present a constitutional violation, and did not harm petitioner's parole status on his 60-year sentence. It does not present a colorable basis for habeas corpus relief.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner STEPHEN SILAS THOMAS be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _17th_ day of January 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).